[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The petitioner in this habeas corpus action is in the custody of Connecticut Corrections officials pursuant to the Connecticut Interstate Agreement on Detainers, Conn. Gen. Stat.54-186 et seq. He alleges that his incarceration is illegal because his withdrawal of his right to a trial within one hundred eighty days after transfer to Connecticut, made under Conn. Gen. Stat. 54-186 Article III, was not voluntary. The petitioner further contends that he was deprived of effective assistance of counsel with respect to the withdrawal.
While the petitioner was incarcerated in Georgia, he requested a trial on the charges pending against him in Connecticut. His written request was dated August 7, 1991 and he was brought to Connecticut in September, 1991. Pursuant to Article III of the Interstate Agreement on Detainers, Conn. Gen. Stat. 54-186, the trial on the Connecticut charges must begin within one hundred eighty days. On February 2, 1992, the petitioner, represented by the Public Defender's Office, appeared before Judge Thomas Corradino. The purpose of the appearance was to determine whether the petitioner wished to begin trial that day or to waive his right to have trial begin that day, which was the 180th day from August 7, 1991.
According to the transcript, Judge Corradino began the proceedings by explaining to the petitioner his right to trial within one hundred eighty days and his right to have the Connecticut charges dismissed if trial did not begin within one hundred eighty days. The judge further informed the petitioner that he had a trial judge ready to begin the petitioner's trial that day, but that he understood that the petitioner was willing to waive his rights in that respect. The transcript shows the CT Page 7488 following colloquy:
 THE COURT: . . . It is my understanding from talking to your attorney, Attorney Merkin, that you are today willing to give up your right to a trial within 180 days under the Interstate Compact on the basis of the August seventh application. Is that true?
MR. BRAGDON: Yes.
THE COURT: You have to answer out loud.
MR. BRAGDON: Yes, sir.
 THE COURT: And you understand the rights that you would have been entitled to under that Compact?
MR. BRAGDON: Yes, sir.
 THE COURT: And knowing that you want to waive or give up your rights under the Interstate Compact to a trial within 180 days, is that true?
MR. BRAGDON: Yes, sir.
 THE COURT: And have you had sufficient time to talk to your lawyer about the rights under the Compact?
MR. BRAGDON: Yes, sir.
 THE COURT: And what it means to give up your rights under that Compact?
MR. BRAGDON: Yes, sir.
 THE COURT: And after that discussion is it your free and voluntary decision to give up those rights under the Compact?
MR. BRAGDON: Yes, sir.
In his testimony before this Court on the habeas petition, the petitioner testified that he wanted to go to trial that day, February 3, 1992, but that his attorney told him she was not prepared for trial and that it was therefore in his interest to CT Page 7489 provide the waiver. Because he was afraid of being found guilty if represented by an unprepared attorney, he agreed to the waiver.
The petitioner has failed to sustain his burden of proof to show that his waiver on February 3, 1992 was not voluntary. The transcript demonstrates that his waiver was knowing, intelligent and voluntary. He was made aware of the two alternatives available to him: immediate trial with counsel who was not fully prepared or a waiver of his right to immediate trial. The fact that a third alternative, immediate trial with prepared counsel, was not available to the petitioner does not render the waiver involuntary. The petitioner was not forced or threatened to provide the waiver.
The petitioner's second contention is that he was not provided effective assistance of counsel in that Attorney Merkin was not ready to proceed to trial on February 3, 1992. Attorney Merkin testified at the habeas hearing that as assistant public defender, she was appointed to represent the petitioner on September 24, 1991. The petitioner was charged with sexual assault in the first degree, a class B felony, and kidnapping in the first degree, a class A felony, obviously very serious offenses. Attorney Merkin testified credibly about her efforts to prepare for trial and stated that as of February, 1992, she had not been able to review the medical records of the alleged victim and therefore was not prepared for trial. The petitioner offered no expert or other testimony in support of his claim that this was ineffective assistance of counsel. The court sees no basis for such a finding.
The petition is denied.
CHRISTINE S. VERTEFEUILLE, JUDGE